# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **EDWARD GEORGE FARIA,** | ) |
| Appellant, | ) |
| v. | ) No. 3:17-cv-01383 |
| | ) **CHIEF JUDGE CRENSHAW** |
| **HENRY E. HILDEBRAND, III,** | ) |
| Appellee. | ) |

## ORDER

Before the Court is Appellee's Motion to Dismiss this Bankruptcy Appeal for failure to designate the record, as required by Bankruptcy Rule 8009. (Doc. No. 4.) Appellant responded that he did not know that his Notice of Appeal was effective after the Bankruptcy Court denied his Motion to Reconsider. (Doc. Nos. 5, 6.) Local Rule 81.01 requires the Court to summarily affirm the opinion of the Bankruptcy Judge if the appellant does not comply with Bankruptcy Rules 8006, 8007, or 8009. However, the "late filling of a required document does not justify the dismissal of the appeal absent a showing of bad faith, negligence, or indifference." In re Buscemi's Intern., Inc., 64 F. App'x 910, 911 (6th Cir. 2003) (citing Third Nat'l Bank v. Winner Corp. (In re Winner Corp.), 632 F.2d 658, 660-61 (6th Cir. 1980)).

A review of the Bankruptcy Court's docket shows that the Bankruptcy Court denied Appellant's Motion for Reconsideration on November 27, 2017. In re Faria, No. 3:17-bk-4384, ECF No. 102 (M.D. Tenn. Bank.). As of the date of this Order, Appellant still has not complied with Rule 8009. However, given Appellant's pro se status and the fact that Appellee did not allege "bad faith, negligence, or indifference," the Motion to Dismiss (Doc. No. 4) is **DENIED WITHOUT PREJUDICE**.

Appellant is **GRANTED** fourteen days from the date of this Order to comply with Bankruptcy Rule 8009. Failure to comply with this Order may result in the case being dismissed under Local Rule 81.01 for failure to designate the record.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE