Case No. 3: 17-cv-01383
Chief Judge Crenshaw

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

---

In re: EDWARD GEORGE FARIA

Debtor.

---

EDWARD GEORGE FARIA,

Appellant,

v.

HENRY E. HILDEBRAND, III, CHAPTER 13 TRUSTEE
Appellee.

---

Appeal from the United States Bankruptcy Court Order Denying Confirmation and Dismissing Case
in Case No. 17-04384-CW3-13

---

BRIEF OF APPELLEE HENRY E. HILDEBRAND, III, TRUSTEE

---

Respectfully submitted by:

/s/ Margaret P. Reidy
Margaret P. Reidy, BPRN 034410
Counsel to Henry E. Hildebrand, III
Standing Chapter 13 Trustee
P.O. Box 340019
Nashville, TN 37219-0422
615-244-1101; fax 615-687-3275
maggier@ch13bna.com

# CORPORATE DISCLOSURE STATEMENT

In accordance with Local Rule 7.0, Henry E. Hildebrand, III, Chapter 13 Trustee, makes the following disclosure:

1. All parent corporations, if any, of the named party: None.

2. All publicly held companies, if any, that own ten percent (10%) or more of the named party's stock: None.

Date: May 25, 2018

/s/ Margaret P. Reidy
 Margaret P. Reidy
Counsel to Henry E. Hildebrand, III
Standing Chapter 13 Trustee
P.O. Box 340019
Nashville, TN 37219-0422
615-244-1101; fax 615-687-3275
maggier@ch13bna.com

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

   I.        The Bankruptcy Court did not err in denying confirmation of the Plan. . . . . . . . . . . . 3

      A. The Plan failed to provide for the treatment of Mr. Faria's secured claimholder. . . . 4
      B. The Plan was not filed in good faith . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . 5

   II.       Dismissal of Mr. Faria's bankruptcy case was in the best interest of creditors . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE WITH RULE 32(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

# TABLE OF AUTHORITIES

**Cases**

*Alt v. United States (In re Alt)*, 305 F.3d 413 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Ed Schory* & Sons, *Inc. v. Francis (In re Francis),* 273 B.R. 87, 91 (B.A.P. 6th Cir. BAP 2002)..4
*Hardin v. Caldwell (In re Caldwell),* 895 F.2d 1123, 1126 (6th Cir.1990) ("*Caldwell II* "). . . . . .4
*In re Carver,* 110 B.R. 305, 311 (Bankr. S.D. Ohio 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
*In re Henry,* 328 B.R. 529, 528 (Bankr. S.D. Ohio 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*In re Hogue,* 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
*In re Lofty*, 437 B.R. 578, 584 (Bankr. S.D. Ohio 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
*In re Rembert*, 141 F.3d 277, 280 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1
*Society Nat'l Bank v. Barrett* (*In re Barrett*), 964 F.2d 588, 591 (6th Cir. 1992). . . . . . . . . . . . .5

**Statutes**

11 U.S.C. § 1307(c)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
11 U.S.C. § 1325(a)(3) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
11 U.S.C. § 1325(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

## STATEMENT OF ISSUES

Although unclear from the Appellant Edward George Faria's Brief, the main issues on appeal appear to be: (1) whether the Bankruptcy Court erred in denying confirmation of the Appellant's plan and (2) whether the Bankruptcy Court erred in dismissing Mr. Faria's bankruptcy case.

## STANDARD OF REVIEW

In reviewing the decision of the Bankruptcy Court, the District Court reviews conclusions of law de novo. *In re Rembert*, 141 F.3d 277, 280 (6th Cir. 1998). The Bankruptcy Court's factual findings are reviewed for clear error. *Id*.

## STATEMENT OF THE CASE

Edward George Faria ("Mr. Faria") filed a voluntary petition under Chapter 13 of Title 11 on June 27, 2017. (Petition Dkt. #1.)[1] On Schedule A/B, Mr. Faria listed an ownership interest in real property located at 5145 West Oak Highland Drive, Antioch, TN 37013. (Sch. A/B at Dkt. #9 p. 3.) Mr. Faria valued the property at $264,000. (*Id.*) Mr. Faria also disclosed that he has a potential lawsuit against Rubin Lublin TN, PLLC valued at $278,514.51 for violation of the Fair Debt Collection Practices Act. (*Id.* at 10.) Schedule E/F list Select Portfolio Services, Inc. as having a nonpriority unsecured claim for $191,755 based on a deed of trust and Conor F. Sullivan as having a judgment against Mr. Faria for $92,476. (Sch. E/F at Dkt. #9 p. 17 and Amd. Sch. E/F at Dkt. #36 p. 2.) Schedule I reflects that Mr. Faria has gross monthly income of $384.62 from his

---

[1] Mr. Faria's designation of the record fails to include documents relative to the issues on appeal including confirmability of his Chapter 13 plan and dismissal of his bankruptcy case. Therefore, the Appellee's Brief cites the Bankruptcy Court docket in Case No. 17-04384 (Bankr. M.D. Tenn. 2017) and the Record on Appeal ("ROA") where applicable.

1

employment with Raiser, LLC, and anticipated rental income of $1,500 per month. (Sch. I at Dkt. #9 p. 22-23.) Schedule J reflects Mr. Faria has monthly expenses totaling $1,323 for a monthly net income of $561.62. (Sch. J at Dkt. #9 p. 24-26.)

Mr. Faria's amended Chapter 13 plan filed on September 19, 2017 proposed a monthly plan payment of $1,000 and a 36-month plan term. (Amd. Ch. 13 Plan at Dkt. #48 p. 2.) Mr. Faria's plan did not provide for payment to secured creditors, and it provided for Select Portfolio Servicing as a separately classified nonpriority unsecured creditor to be paid $0.00 for its failure to file a proof of claim. (*Id.* at 9 p. 3-7.)

Select Portfolio Servicing, Inc. objected to confirmation of Mr. Faria's plan alleging that the plan failed to provide for its claim secured by Mr. Faria's residence including an arrearage claim of $108,020.25 and the ongoing mortgage of $1,331.29. (SPS Obj. at Dkt. #17 p. 1-2 and Court Claim 3.) The Chapter 13 Trustee also objected to confirmation and requested the Bankruptcy Court dismiss Mr. Faria's bankruptcy case. (Tr. Obj. at Dkt. #40.) The Chapter 13 Trustee asserted that the plan is not feasible, and it violates 11 U.S.C. § 1325(b). (*Id.*)

A hearing on confirmation, the Trustee's objection to confirmation and request for dismissal, and Select Portfolio Servicing Inc.'s objection to confirmation was held on September 27, 2017. At the hearing, the Court made findings from the bench including that the Mr. Faria failed to make plan payments, and the plan is not feasible. (Sept. 27, 2017 Hrg. Tr. at Dkt. #101 p. 21:1-25.) The Court found that Mr. Faria's plan was not feasible because the proposed plan payment of $1,000 was insufficient to pay the ongoing mortgage payment and to cure the prepetition mortgage arrearage. (*Id.* at p. 21:2-25-24:1-7.) The Bankruptcy Court entered its written Order denying Confirmation and Dismissing Case on October 4, 2017. (Order at Dkt. #57 and ROA #10 p. ID #87.)

2

Mr. Faria filed a Motion to Reconsider the Bankruptcy Court's Order Denying Confirmation and Dismissing Case on October 13, 2017. (Mtn. to Rec. at Dkt. #62 and ROA #10 p. ID #89-91.) A hearing on the Motion to Reconsider was held November 22, 2017. The Bankruptcy Court's Order found that Mr. Faria failed to offer new evidence, argument or circumstance to support reconsideration of the Order dismissing his case. (Order at Dkt. #102.) The Court also determined that Mr. Faria's failure to provide for the secured debt on his residence, his failure to make plan payments, and his refusal to disclose the date of his last mortgage payment evidenced his bad faith. (*Id*.)

Mr. Faria filed a Notice of Appeal on October 17, 2017 seeking review of the Bankruptcy Court's Order Denying Confirmation and Dismissing Case. (Ntc. at Dkt. #75.)

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court did not err when it denied confirmation of Mr. Faria's Chapter 13 Plan and dismissed his case. Mr. Faria's plan failed to meet the confirmation requirements of Section 1325. Mr. Faria's plan was not feasible, and it was not proposed in good faith.

## ARGUMENT

### I. THE BANKRUPTCY COURT DID NOT ERR IN DENYING CONFIRMATION OF THE PLAN

The Bankruptcy Court correctly found that Mr. Faria's plan was not confirmable. Section 1325 establishes the requirements for confirmation of a Chapter 13 plan. Although the party objecting to confirmation bears the initial burden to produce evidence in support of denial of confirmation, Mr. Faria has the ultimate burden to prove compliance with 11 U.S.C. § 1325. *In re Lofty*, 437 B.R. 578, 584 (Bankr. S.D. Ohio 2010) (citing *In re Henry,* 328 B.R. 529, 528 (Bankr.

3

S.D. Ohio 2004); *In re Hogue,* 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987); and *In re Carver,* 110 B.R. 305, 311 (Bankr. S.D. Ohio 1990) (Cole, J.); *Hardin v. Caldwell (In re Caldwell),* 895 F.2d 1123, 1126 (6th Cir.1990) ("*Caldwell II* "); *Ed Schory & Sons*, *Inc. v. Francis (In re Francis),* 273 B.R. 87, 91 (B.A.P. 6th Cir. 2002)). Mr. Faria failed to meet his burden to establish that his plan complies with 11 U.S.C. § 1325, and his brief fails to offer any evidence that his plan is confirmable.

A. **The Plan failed to provide for the treatment of Mr. Faria's secured claimholder.**

Section 1325(a)(5) governs the treatment of secured claims in Chapter 13 bankruptcy plans. Unless a secured creditor accepts the plan, the debtor surrenders the collateral to the creditor, or the plan provides to maintain payments on the claim, § 1325(a)(5)(B)(ii) requires the plan to pay the present value of a secured claim. Mr. Faria's plan fails to provide for the secured claim of Select Portfolio Servicing. Mr. Faria argued at the confirmation hearing that Select Portfolio does not have a valid mortgage on his residence, because of various violations of the Fair Debt Collection Practices Act and that he is pursuing an action against the mortgage creditor for these alleged violations in district court. (Sept. 27, 2017 Hrg. Tr. at Dkt. #101 p. 10:21-25-14:1-25.) But, as the Bankruptcy Court correctly concluded, Mr. Faria offered no evidence to indicate that there is a "legal basis for simply ignoring the existence of an outstanding mortgage in the Chapter 13 plan." (*Id.* at 22:22-25.) Mr. Faria's Brief fails to point to any evidence that Select Portfolio does not hold a valid mortgage against his residence.

Furthermore, Mr. Faria's plan payment of $1,000 per month is insufficient to cure the arrearage and maintain payments on Select Portfolio's secured claim. Mr. Faria's Brief does not address his ability to cure the arrears of $108,020.25 and pay the ongoing mortgage payment of

4

$1,331.29. Therefore, the Bankruptcy Court correctly concluded that Mr. Faria's Chapter 13 plan fails to provide for the secured claim of Select Portfolio, and his plan is not feasible.

**B.     The Plan was not filed in good faith.**

Mr. Faria's plan was not filed in good faith pursuant to 11 U.S.C. § 1325(a)(3). The courts look to the totality of the circumstances when determining whether a plan was filed in good faith. *Alt v. United States,* (*In re Alt*), 305 F.3d 413, 419 (6th Cir. 2002) (citing *Society Nat'l Bank v. Barrett* (*In re Barrett*), 964 F.2d 588, 591 (6th Cir. 1992)). The Sixth Circuit has provided a nonexclusive list of twelve factors relevant to this determination including:

> (1) the debtor's income;
> (2) the debtor's living expenses;
> (3) the debtor's attorney's fees;
> (4) the expected duration of the Chapter 13 plan;
> (5) the sincerity with which the debtor has petitioned for relief under Chapter 13;
> (6) the debtor's potential for future earning;
> (7) any special circumstances, such as unusually high medical expenses;
> (8) the frequency with which the debtor has sought relief before in bankruptcy;
> (9) the circumstances under which the debt was incurred;
> (10) the amount of payment offered by debtor as indicative of the debtor's sincerity to repay the debt;
> (11) the burden which administration would place on the trustee;
> (12) the statutorily-mandated policy that bankruptcy provisions be construed liberally in favor of the debtor.

*Alt*, 305 F.3d at 419.

Mr. Faria's plan clearly indicates a lack of good faith under factors one, two, five and ten. Mr. Faria does not have a sincere intent to repay his mortgage debt. Mr. Faria's plan provides for him to retain ownership of his real property without making any payments on Select Portfolio's

5

claim secured by his residence. Mr. Faria's Brief does not include any argument demonstrating that his plan was filed in good faith.

## II. DISMISSAL OF MR. FARIA'S BANKRUPTCY CASE WAS IN THE BEST INTEREST OF CREDITORS

The Bankruptcy Court's dismissal of Mr. Faria's bankruptcy case was appropriate. Under 11 U.S.C. § 1307(c)(5), denial of confirmation of a plan under Section 1325 is grounds to dismiss as case. As noted, Mr. Faria's plan failed to comply with 11 U.S.C. § 1325, and his brief fails to present any evidence regarding the confirmability of his Chapter 13 plan. Without a confirmable plan, dismissal is in the best interest of creditors so that they may pursue their state court remedies.

## CONCLUSION

The Bankruptcy Court's denial of confirmation and dismissal of Mr. Faria's bankruptcy case should be affirmed. The Bankruptcy Court's findings were not clearly erroneous. Mr. Faria had the ultimate burden to establish that his plan complied with 11 U.S.C. § 1325, and he failed to meet his burden. Mr. Faria's brief fails to address confirmability of his Chapter 13 plan or to point to any record evidence that his plan complies with Section 1325. Therefore, the Bankruptcy Court's denial of confirmation and dismissal should be affirmed.

Respectfully submitted,

/s/ Margaret P. Reidy
Margaret P. Reidy, BPRN 034410
Counsel to Henry E. Hildebrand, III,
Standing Chapter 13 Trustee
P.O. Box 340019
Nashville, TN 37219-0422
615-244-1101; fax 615-687-3275
maggier@ch13bna.com

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

## Certificate of Compliance with Type-Volume Limitations, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,772 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 12 size font.

/s/ Margaret P. Reidy
Margaret P. Reidy, BPRN 034410
Counsel to Henry E. Hildebrand, III,
Standing Chapter 13 Trustee
P.O. Box 340019
Nashville, TN 37219-0422
615-244-1101; fax 615-687-3275
maggier@ch13bna.com

7

## CERTIFICATE OF SERVICE

    I, the undersigned, herby certify that on May 25, 2018, true and correct copies of the *Appellee Henry E. Hildebrand, III's Brief* were in the following manner:

**By Electronic Case Noticing to:**
Megan Reed Seliber, Attorney for U.S. Trustee,

**By Certified U.S. Mail:**
Edward George Faria, 2479 Murfreesboro Rd., Unit 507, Nashville, TN 37217
Edward George Faria, 5145 West Oak Highland Dr., Antioch, TN 37013-4231

        /s/ Margaret P. Reidy
        Margaret P. Reidy
        Counsel to Henry E. Hildebrand, III,
        Standing Chapter 13 Trustee
        P.O. Box 340019
        Nashville, TN 37219-0422
        615-244-1101; fax 615-687-3275
        maggier@ch13bna.com