UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD GEORGE FARIA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | NO. 3:17-cv-01383 |
| ) | CHIEF JUDGE CRENSHAW |
| HENRY E. HILDEBRAND, III, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

Debtor-Appellant Edward George Faria, proceeding *pro se*, appeals the October 5, 2017 Order Denying Confirmation and Dismissing Case, entered by the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") in the Chapter 13 case, In re Edward George Faria, Case No. 3:17-bk-04384. The appeal has been fully briefed by both parties. For the reasons set forth below, the order of dismissal will be affirmed and this case dismissed.

**I.   Background and Procedural History**

Appellant filed a voluntary petition under Chapter 13. (Bankr. No. 1.[1]) On Schedule A/B, Appellant listed an ownership interest in real property located at 5145 West Oak Highland Drive, Antioch, TN 37013 (the "Property"). (Bankr. No. 9 at 3.) Appellant valued the Property at $264,000. (Id.) He also disclosed that he has a potential lawsuit against Rubin Lublin TN, PLLC valued at $278,514.51 for violation of the Fair Debt Collection Practices Act ("FDCPA"). (Id. at

---

[1] Documents filed in Case No. 3:17-bk-04384 will be referred to herein by their docket number in that case, denoted as "Bankr. Doc. No. ___." Documents filed in the case before this court are referred to simply by docket number ("Doc. No. ___").

10.) Amended Schedule E/F lists Select Portfolio Services, Inc. ("SPS") as having a nonpriority unsecured claim for $191,755 based on a deed of trust. (Bankr. Doc. No. 36 at 2.) Schedule I reflects that Appellant has gross monthly income of $384.62 from his employment with Raiser, LLC, and anticipated rental income of $1,500 per month. (Bankr. Doc. No. 9 at 23–23.) Schedule J reflects that Appellant has monthly expenses totaling $1,323 for a monthly net income of $561.62. (Bankr. Doc. No. 9 at 24–26.)

Appellant filed an amended Chapter 13 plan on September 19, 2017, proposing a monthly plan payment of $1,000 and a 36-month plan term. (Bankr. Doc. No. 48 at 2.)

The amended plan did not provide for any payment to secured creditors. The plan classified SPS separately as a classified nonpriority unsecured creditor and provided for SPS to be paid $0.00 for its failure to file a proof of claim. (Id. at 7.) SPS objected to confirmation of the plan because it did not provide adequate protection to SPS relative to the Property, in violation of 11 U.S.C. § 362. Specifically, the plan did not list the mortgage serviced by SPS pertaining to the Property and failed to address the arrears owed on the mortgage or determine a disbursement agent for ongoing payments. (Id.) SPS's objection stated that it would file a Proof of Claim listing arrearages of approximately $104,065.87 as of July 1, 2017 and showing ongoing monthly mortgage payments due in the amount of $1,331.29. (Bankr. Doc. No. 17 at 2.)[2]

The Chapter 13 Trustee also objected to confirmation of the proposed plan on the basis that it is not feasible and violates 11 U.S.C. § 1325(b). The Trustee requested dismissal of the case in the event the Bankruptcy Court did not confirm the plan. (Bankr. Doc. No. 40.)

A hearing on confirmation of the plan, SPS's objection, and the Trustee's objection and request for dismissal was conducted on September 27, 2017. At the hearing, the Bankruptcy

---

[2] The deadline for filing proofs of claim was November 13, 2017. (Bankr. Doc. No. 6 at 2.) SPS had not filed a proof of claim by the time of the confirmation hearing in September 2017.

Court made findings from the bench including that the Appellant had failed to make any plan payments and that the proposed plan failed to deal with the mortgage arrearage or for ongoing mortgage payments and therefore was not feasible. (Bankr. Doc. No. 101 at 23.) The Bankruptcy Court further found that "in the absence of any proposal being made by the debtor that would indicate that there's some amendment that could be made that would fix this problem on a timely basis," dismissal was appropriate. (Id.) The written order denying confirmation and dismissing the case was entered on October 4, 2017. (Bankr. Doc. No. 57.)

Appellant filed a Motion to Reconsider the order of dismissal on October 13, 2017. (Bankr. Doc. No. 62.) A hearing on the Motion to Reconsider was held November 22, 2017. The Bankruptcy Court denied the motion because Appellant failed to offer "new evidence, argument or circumstance to support reconsideration of the Order" dismissing his case. In addition, it reaffirmed that the proposed plan did not properly address the secured debt on the Appellant's residence and that Appellant was in default of plan payments. (Bankr. Doc. No. 102 at 1–2.) The Bankruptcy Court also concluded that Appellant's "failure to provide for the secured debt on his residence in his plan, despite the instruction from the secured lender, the Trustee, and [the Bankruptcy] Court," failure to maintain plan payments, requests to extend payment obligations without explanation, and refusal to inform the Bankruptcy Court of his last mortgage payments all constituted evidence of Appellant's bad faith. (Id. at 1.)

Appellant filed a Notice of Appeal on October 17, 2017 seeking review of the order of dismissal.

## II.     Standard of Review of Bankruptcy Court Order

"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings

3

Case 3:17-cv-01383   Document 16   Filed 06/27/18   Page 3 of 6 PageID #: 215

referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). An order denying confirmation with prejudice and dismissing the case is an immediately appealable final order. See Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692–93 (2015) (distinguishing between dismissal with and without leave to amend).

On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. MNBA America Bank, N.A. v. Meoli (In re Wells), 561 F.3d 633, 634 (6th Cir. 2009); In re Rembert, 141 F.3d 277, 280 (6th Cir. 1998); see also Cluxton v. Fifth Third Bank (In re Cluxton), 327 B.R. 612, 613 (B.A.P. 6th Cir. 2005) ("The determination whether a plan provision violates the Bankruptcy Code is a legal conclusion reviewed *de novo*.").

**III.     Issues on Appeal**

In his Statement of Issues on appeal, Appellant identifies two "issues":

1. There has been no rebuttal signed under penalty of perjury to Consumer/Administrator's declarations.

2. Select Portfolio Servicing, Inc. and/or its agents and assigns are debt collectors according to the [FDCPA].

(Doc. No. 9 at 2.)

In his Brief , Appellant identifies the issues as follows:

Whether the Bankruptcy Court erred in allowing Select Portfolio Servicing, Inc. to enter this matter as a creditor without IRS Form 410 signed under penalty of perjury.

Whether the Bankruptcy Court erred in allowing Select Portfolio Servicing, Inc. to present hearsay evidence and testimony.

(Doc. No. 12 at 4.)

**IV.     Analysis**

While a party objecting to confirmation bears the burden of producing evidence in support of denial of confirmation, the debtor has the ultimate burden to prove compliance with

4

Case 3:17-cv-01383   Document 16   Filed 06/27/18   Page 4 of 6 PageID #: 216

11 U.S.C. § 1325. As particularly relevant here, subsection 1325(a)(5) pertains to the treatment of secured claims as set forth in § 1325(a)(5); subsection (a)(6) requires that the debtor be able to make all payments under the plan and otherwise comply with the plan. Although SPS failed to present to the Bankruptcy Court actual evidence of its claim and the amount thereof, Appellant acknowledged a debt to SPS and identified the "type" as "Deed of Trust" in his Amended Schedule E/F. (Bankr. Doc. No. 36 at 2.) He does not actually dispute the debt except to claim that he is a "Consumer/Administrator" under the FDCPA and not a "Debtor" (Bankr. Doc. Nos. 32 ¶ 5, 46 ¶ 5) and to insist that Rubin Lublin TN, PLLC and SPS are "debt collectors" under the FDCPA, rather than creditors. He admitted at the confirmation hearing that there was an outstanding mortgage on the Property but refused to answer direct questions about when he had last made payments on the mortgage and whether it was paid off. (See, e.g., Doc. No. 101 at 13 ("THE COURT: So I ask you again, do you know approximately when was the last time you made any mortgage payments? MR. FARIA: I do not – under my – from what I know, it might have been discharged, form what – for all I know.").) When asked what his intention was and whether he planned to live in his residence for free, going forward, without paying anything to the mortgage holder, the Appellant responded only that he was "waiting for the true creditor to come forward so we can make arrangements." (Bankr. Doc. No. 101 at 16.)

The Court finds, under these circumstances, that the Bankruptcy Court did not err in determining that Appellant had not adequately explained why his proposed plan did not take the mortgage on his residence into account, as required by § 1325(a)(5). The Court noted that the question of whether the precise terms offered by counsel for the mortgage holder were correct "is not really critical to a determination of the motion to dismiss, because the current plan provides for nothing." (Bankr. Doc. No. 101 at 23.) In addition, the Bankruptcy Court did not err in

finding that the proposed plan did not comply with § 1325(a)(6) either, as Appellant had failed to make payments in the amount he proposed in the plan as originally submitted or as amended and failed to offer any suggestion for modifying the plan to meet his obligations.

In sum, this Court has reviewed the underlying record in its entirety and finds no error in the Bankruptcy Court's findings of fact or conclusions of law. Appellant's arguments based on his being a "Consumer/Administrator" under the FDCPA are frivolous and have no bearing on the bankruptcy proceedings. His arguments regarding the lack of actual proof of SPS's claims at the time of the hearing on its objection are beside the point in light of Appellant's concession that he had a mortgage on the Property which was not accounted for in the proposed plan, and in light of his demonstrate inability to make payments in accordance with the plan.

## V. Conclusion

For the reasons set forth herein, the Bankruptcy Court's October 5, 2017 Order Denying Confirmation and Dismissing Case will be affirmed and this case dismissed.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE